# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2011

Lyle W. Cayce
Clerk

No. 10-50262
Summary Calendar

R. WAYNE JOHNSON,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CV-39

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant R. Wayne Johnson, Texas prisoner # 282756, appeals the district court's denial of his motions for a preliminary injunction and for class-action certification. These motions were filed in conjunction with a 28 U.S.C. § 2254 application, in which Johnson challenged the validity of Texas's habeas corpus law, the alleged use of disciplinary infractions to deny inmates release on mandatory supervision, and the charging of criminal acts as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary infractions.  Johnson's application also stated that he was seeking an injunction ordering Texas courts and officials to adhere to Supreme Court precedent, declaring Texas's habeas corpus law void, and ordering Texas officials to discontinue prosecuting criminal acts as disciplinary infractions in the absence of full constitutional safeguards at disciplinary hearings.

On appeal, Johnson first states that he is seeking a certificate of appealability (COA).  However, he is not required to obtain a COA to appeal the denial of his motion for a preliminary injunction because he is not challenging "the final order in a habeas corpus proceeding."  28 U.S.C. § 2253(c)(1)(A).  Accordingly, his request for a COA is denied as unnecessary.

Interlocutory orders denying preliminary injunctions are immediately appealable as an exception to the final-judgment rule.  *See* 28 U.S.C. § 1292(a)(1); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).  However, Johnson has not met the criteria for warranting a preliminary injunction.  *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).  The district court did not abuse its discretion by denying his motion for a preliminary injunction.  *See Anderson v. Jackson*, 556 F.3d 351, 355 (5th Cir. 2009).  Therefore, we affirm the district court's order denying Johnson's motion for a preliminary injunction.

Federal Rule of Civil Procedure 23(f) provides that a party may appeal the denial of class-action certification only "if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered."  Johnson's notice of appeal was filed well more than 14 days after the denial of his motion for certification.  Therefore, we dismiss his petition for permission to appeal the denial of his motion for class certification as untimely filed.

MOTION DENIED; AFFIRMED IN PART; DISMISSED IN PART.